UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**Michael Cheek and**
**Tonita Cheek**,  Bankruptcy Case No.: 09-82029

Soc. Sec. Nos. xxx-xx-5598 & xxx-xx-2434
Mailing Address: 2429 Westgate Drive, Sanford,
NC 27330-

              Debtors.

**Michael Cheek and**
**Tonita Cheek**,  A.P. No.:_____
          Debtors,

**Dealer Finance Management Services,**
         Defendant.

**COMPLAINT OBJECTING TO CLAIM**
**AND TO DETERMINE VALIDITY OF LIEN**

The Plaintiff, above-named, respectfully alleges as follows:

1. That this matter is a core proceeding pursuant to 28 U.S.C. § 157, and that the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2. This Complaint was filed, pursuant to 11 U.S.C. 506(d), and in accordance with Bankruptcy Rule 7001, for the purpose of determining the validity of the lien held by Dealer Finance Management Services.

3. The Plaintiff is filed this bankruptcy case on November 13, 2009, seeking protection under Chapter 13 of Title 11 of the United States Code.

4. The Defendant Dealer Finance Management Services is, upon information and belief, a corporation with an office and principal place of business located, as indicated on its Proof of Claim, at 236 N. Mebane Street, Suite 140, Burlington, NC 27217

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 506.

6. The Plaintiff owns199 ford Crown Victoria, VIN 2FAFP73WXX121668

7. The fair market value of the said property is not greater than $2,540.00

8. That pursuant to 11 U.S.C. § 501 (a), on or about July 1, 2010, the Defendant filed a Proof of Claim in the Plaintiff's bankruptcy case.

9. In the Proof of Claim the Defendants assert that it holds security interest in such property with a payoff balance, as of the date this case was filed in the amount of approximately $1,453.00

10. That the Proof of Claim was not in compliance with the requirement of Bankruptcy Rule 3001(d), "accompanied by evidence that the security interest has been perfected."

11. That as a result of this failure to attach evidence that the security interest has been perfected, the Proof of Claim should not be an allowed secured claim.

12. Pursuant to 11 U.S.C. 506 (d) such claim is not being disallowed:
    a. Pursuant to 11 U.S.C. § 502(b)(5), which relates to debts that are unmatured on the date of filing and are excepted from discharge under 11 U.S.C. § 523(a)(5);
    b. Pursuant to 11 U.S.C. § 502(e), which relates to claims for reimbursement or contribution of an entity that is liable with the debtor or has secured the claim of a creditor; nor
    c. Due only to the failure of any entity to file a Proof of Claim under 11 U.S.C. § 501.

13. In turn, pursuant to 11 U.S.C. 506(d), the lien securing said loan is void.

**WHEREFORE**, the Plaintiff prays the Court find that said claim held by Dealer Finance Management Services, which is secured by a lien upon said property, to be void, and that said claim should therefore be classified an unsecured claim for the purpose of this Chapter 13 case. The Plaintiff further prays that the Court order Dealer Finance Management Services to cancel the said lien forthwith. The Plaintiff additionally prays that the attorney for the Plaintiff be awarded attorneys fees to be paid from the assets of the estate pursuant to 11 U.S.C. § 330(a)(4)(B) and that the Court grant such other and further relief as to the Court seems just and proper.

Dated: November 1, 2010

**The Law Offices of Orcutt, Bledsoe & Boltz**

/s Edward Boltz
Edward Boltz
Attorney for the Plaintiff
North Carolina State Bar No.: 23003
1738-D Hillandale Rd.
Durham NC 27705
(919) 286-1695
eboltz@johnorcutt.com